IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL DAVIS TERRY                                                                                    PLAINTIFF
ADC # 149998

v.                                        2:23CV00130-LPR-JTK

ELEY                                                                                                        DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Jarell Davis Terry ("Plaintiff") is in custody at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Although Plaintiff submitted a Motion for Leave to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) ("IFP Motion"), Plaintiff's IFP Motion (Doc. No. 1) should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, has not established imminent danger.

**II.    SCREENING**

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).   An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).
Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued Defedant Eley, identified as a Mental Health Advisor at the EARU and an employee of Wellpath, in her personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff alleges that Defendant Eley "used suicide treatment precautions as a means of cruel and unusual punishment . . . ." (Id. at 4). Plaintiff was under treatment precaution from February 10, 2023 to February 20, 2023. (Id.). Plaintiff complains that while he was under treatment precaution, he was subjected to extreme cold temperatures and given nothing besides a "small amount of tissue and paper gown," among other allegations. (Id. at 4-5). Plaintiff seeks damages. (Id. at 6).

---

[2] Terry v. Rechcigl, et al, 2:20cv00079-DPM (E.D. Ark.)(dismissed June 30, 2020 for failure to state a claim on which relief may be granted) (affirmed on appeal November 6, 2020); Terry v. Watson, et al., 2:22cv00111-BSM (E.D. Ark.) (dismissed August 25, 2022 for failure to state a claim on which relief may be granted) (no appeal filed); and Terry v. Payne, et al., 2:23cv00059-BSM (E.D. Ark.) (dismissed April 28, 2023 for failure to state a claim on which relief may be granted) (no appeal filed).

Plaintiff's Complaint is limited to the time when he was under treatment precaution. Even if Plaintiff was under imminent danger of serious physical injury while he was under treatment precaution, Plaintiff was removed from treatment precaution on February 20, 2023—roughly four months before he filed this lawsuit. Even liberally construing Plaintiff's Complaint, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. Plaintiff's Complaint should be dismissed without prejudice pending payment of the $402.00 filing and administrative fee.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. Plaintiff's Motion For Leave to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 14th day of June, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE